**UNITED STATES of America**

v.

**Patrick E. LEON a/k/a E**

Patrick E. Leon, Appellant.

No. 08–3122.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) April 24, 2009.

Filed: April 28, 2009.

Theodore B. Smith, III, Esq., Office of United States Attorney, Harrisburg, PA, for United States of America.

Patrick E. Leon, Edgefield, SC, pro se.

Before: SCIRICA, Chief Judge,
SLOVITER and FISHER, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

Patrick Leon, a federal prisoner proceeding pro se, appeals the District Court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduced sentence. For the reasons that follow, we will affirm.

### I.

In December 1998, Leon pleaded guilty to conspiracy to possess with intent to distribute more than five grams of cocaine base ("crack cocaine") in violation of 21 U.S.C. § 846. Based on Leon's status as a career offender under U.S.S.G. § 4B1.1, the applicable sentencing range under the Sentencing Guidelines was 188 to 235 months' imprisonment. The District Court sentenced him to 188 months' imprisonment, and we affirmed on direct appeal in February 2000.

On November 1, 2007, the United States Sentencing Commission promulgated Amendment 706, which modified a portion of the Drug Quantity Table in U.S.S.G. § 2D1.1. *See* U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). Generally, Amendment 706 reduced by two levels the base offense levels for crack cocaine offenses under § 2D1.1. *See id.* This amendment was made retroactive, effective March 3, 2008. *See* U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008).

In April 2008, Leon moved the District Court to appoint counsel so that he could file a § 3582(c)(2) motion for a reduced sentence in light of Amendment 706. The court granted the motion, appointing the Federal Public Defender's office to represent him. Shortly thereafter, however, Leon's appointed counsel moved to withdraw, asserting that Amendment 706 did not affect Leon's sentence. The District Court agreed, noting that Leon's sentence was based not on § 2D1.1, but rather on his career offender status under § 4B1.1. Accordingly, the court granted counsel's motion to withdraw and denied Leon's motion for a reduced sentence. Leon now appeals the District Court's denial of his § 3582(c)(2) motion.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review *de novo* a district court's interpretation of the Sentencing Guidelines and review its decision to grant or deny a defendant's motion for a reduced sentence under § 3582(c)(2) for abuse of discretion. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir.2009).

Under § 3582(c)(2), a district court may reduce a defendant's term of imprisonment if his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*)." In *Mateo*, we joined many of our sister circuits in holding that a defendant sentenced pursuant to § 4B1.1 may not invoke Amendment 706 to obtain a reduced sentence under § 3582(c)(2) because the amendment does not affect a career offender's sentencing range. 560 F.3d at 155–56. That decision controls here, as Leon's sentencing range was based on his status as a career offender under § 4B1.1. Although Leon contends that the District Court nonetheless had discretion to reduce his sentence under § 3582(c)(2) because *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), rendered the Guidelines merely advisory, we rejected this same argument in *Mateo*. *See* 560 F.3d at 155–56.

Accordingly, we will affirm the District Court's denial of Leon's motion for a reduced sentence.